CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

FILED

STATE OF LOUISIANA    2015 DEC 18   P 3: 53

DOCKET NO.: 15 - 11971                    DIVISION: C-10

M. LANGENSTEIN & SONS, INC., PRYTANIA LIQUOR STORE, INC., WEST
PRYTANIA INC. d/b/a PRYTANIA MAIL SERVICE, BARBARA H. WEST, FINE ARTS
MANAGEMENT, L.L.C. d/b/a PRYTANIA THEATRE, PASCAL'S MANALE
RESTAURANT, INC., SUPERIOR SEAFOOD & OYSTER BAR, L.L.C., SUPERIOR
BAR & GRILL, INC., THE FRESH MARKET, INC., BRITISH ANTIQUES, L.L.C.,
BENNETT POWELL and THE MAGIC BOX, LTD.

PLAINTIFFS

VERSUS

SEWERAGE & WATER BOARD OF NEW ORLEANS

Filed: _____          _____
                                         Deputy Clerk

PETITION FOR DAMAGES

The Petition of Plaintiffs, M. Langenstein & Sons, Inc., Prytania Liquor Store, Inc., West
Prytania Inc. d/b/a Prytania Mail Service, Barbara H. West, Fine Arts Management, L.L.C. d/b/a
Prytania Theatre, Pascal - Manale Restaurant, Inc., Superior Seafood & Oyster Bar, L.L.C.,
Superior Bar & Grill, Inc., The Fresh Market, Inc., British Antiques, L.L.C., Bennett Powell and
The Magic Box, Ltd., respectfully avers as follows:

INTRODUCTION AND SUMMARY

Plaintiffs are local businesses seeking just compensation in this suit for their significant
financial losses and property damages suffered as a result of the Sewerage & Water Board of
New Orleans' (SWB) massive SELA drainage construction project in Uptown New Orleans.
The SWB's industrial construction next to Plaintiffs' businesses has substantially restricted
customer access causing significant revenue losses. As a result, many of the family owned
businesses are struggling to survive and, at a minimum, each business has sustained extreme
inconvenience and substantial interference with its ability to operate its unique business.
Additionally, Plaintiffs' buildings have been shaken to their core for years by heavy machinery,
pile driving, jack hammering and earth moving activities, causing major vibrations, settlement
and structural damage. Despite these same type damages to businesses and properties from the
SWB's construction of a prior segment of this *same* SELA Project (in the Napoleon
Ave./Broadmoor neighborhood)—for which the Louisiana courts held SWB legally
responsible—and the SWB's prior knowledge that these damages would occur, SWB chose to

1

EXHIBIT

1

proceed with its Project Uptown and then failed to prevent or at least mitigate foreseeable damage to Plaintiffs' businesses and properties. The Plaintiffs have suffered prolonged damages caused by the SWB's SELA construction activities for years and there is no end in sight. The SWB's disruptive actions constitute an inverse condemnation of Plaintiffs' businesses and SWB is legally responsible to Plaintiffs for all damages caused by the SELA Project.

## JURISDICTION

1.

This Court has jurisdiction over this matter pursuant to the Louisiana Constitution, Article V, § 16.

2.

The Plaintiffs claim that their damages individually satisfy the jurisdictional amount of this Court.

## VENUE

3.

Venue is proper in this Court pursuant to La. Rev. Stat. 13:5104 and La. Code Civ. Proc. art. 74 because:

A. Orleans Parish is the domicile and principal place of doing business in Louisiana of the defendant, Sewerage & Water Board of New Orleans;

B. Plaintiffs own and operate businesses in immovable property they own or lease in Orleans Parish. This lawsuit seeks just compensation and damages resulting from defendant's unauthorized taking or damaging of Plaintiffs' property and property interests located in Orleans Parish;

C. Orleans Parish is where the defendant initiated, administered, funded and executed the SELA drainage improvement project in the vicinity of Jefferson, Napoleon and Louisiana Avenues, and Prytania Street and, therefore, it is the Parish in which the torts occurred; and

D. Orleans Parish is where the Plaintiffs sustained and continue to sustain damages as a result of the tortious conduct of the defendant.

## PRESCRIPTION

4.

At all relevant times, defendant's actions (as hereinafter alleged) were undertaken for a public purpose and constitute damage to Plaintiffs' property and property interests. Alternatively, and at all relevant times, defendant's actions were undertaken for a public purpose and constitute a taking of Plaintiffs' property and property interests. Plaintiffs' claims are timely pursuant to La. Rev. Stat. § 9:5624, La. Rev. Stat. §. 13:5111 (A) and La. Civ. Code art. 3492.

2

The SWB's SELA Project's construction phases, activities and execution at the center of this lawsuit are causing Plaintiffs continuous and ongoing damages.

## PARTIES: PLAINTIFFS

5.

Plaintiffs are business entities and individuals of the full age of majority, each with the legal capacity to file suit, which at all material times owned and operated businesses in private properties damaged by the actions and omissions of the SWB in connection with the SELA Project:

1. **M. Langenstein & Sons, Inc.** is a Louisiana corporation that is the owner and operator of Langenstein's, a grocery store located at 1330 Arabella St., New Orleans, Louisiana, and owns the buildings, property and improvements at that location during the relevant time period of the claims in this Petition.

2. **Prytania Liquor Store, Inc.** is a Louisiana corporation that is the owner and operator of the Prytania Liquor Store, a wine and liquor shop located at 1300 Arabella St., New Orleans, Louisiana, and owns the buildings, property and improvements at that location during the relevant time period of the claims in this Petition.

3. **West Prytania Inc.** is a Louisiana corporation that is the owner and operator of the Prytania Mail Service, a mail service store located at 5500 Prytania St., New Orleans, Louisiana. Barbara H. West is the owner of the building, property and improvements located at 5500 Prytania St., New Orleans, Louisiana, during the relevant time period of the claims in this Petition.

4. **Fine Arts Management, L.L.C.** is a Louisiana limited liability company that is the owner and operator of the Prytania Theatre, a movie theater and coffee shop located at 5339 Prytania St., New Orleans, Louisiana.

5. **Pascal - Manale Restaurant, Inc.** is a Louisiana corporation that is the owner and operator of Pascal's Manale Restaurant, a restaurant located at 1838 Napoleon Ave., New Orleans, Louisiana, and owns the buildings, property and improvements at that location during the relevant time period of the claims in this Petition.

6. **Superior Seafood & Oyster Bar, L.L.C.** is a Louisiana limited liability company that is the owner and operator of Superior Seafood & Oyster Bar, a restaurant and oyster bar located at 4338 St. Charles Ave., New Orleans, Louisiana.

7. **Superior Bar & Grill, Inc.** is a Louisiana corporation that is the owner and operator of Superior Grill, a restaurant located at 3636 St. Charles Ave., New Orleans, Louisiana.

8. **The Fresh Market, Inc.** is a Delaware corporation qualified to do and doing business in the Parish of Orleans, State of Louisiana, that is the owner and operator of The Fresh Market, a grocery store and cafe located at 3338 St. Charles Ave., New Orleans, Louisiana.

9. **British Antiques, L.L.C.** is a Louisiana limited liability company that is the owner and operator of British Antiques, an antiques store located at 5415 Magazine St., New Orleans, Louisiana. Bennett Powell is the owner of the building, property and improvements located at 5415 Magazine St., New Orleans, Louisiana, during the relevant time period of the claims in this Petition.

10. **The Magic Box, Inc.** is a Louisiana corporation that is the owner and operator of Magic Box Toys, a toy store located at 5508 Magazine Street, New Orleans, Louisiana.

PARTY: DEFENDANT

6.

Made defendant herein is the Sewerage & Water Board of New Orleans (SWB), a political subdivision created under the law of the State of Louisiana, with its domicile and principal place of business in Orleans Parish, Louisiana. SWB was created and organized pursuant to La. Rev. Stat. § 33:4071, *et. seq.*, and it is legally charged with the responsibility of the construction, control, maintenance and operations of all drainage projects within the City of New Orleans, including the SELA Project.

CLAIMS FOR DAMAGES AND JUST COMPENSATION

7.

Upon information and belief, the SWB initiated, instituted, and sponsored a public works project to improve the drainage systems throughout the City of New Orleans and surrounding areas known as the "Southeast Louisiana Urban Flood Control Project" (SELA).

8.

Under the SELA program, for all work in New Orleans, the SWB is solely responsible for instituting and completing the particular project's design and any design changes during construction.

9.

The SELA Project involves massive construction work in the "Uptown" area of New Orleans on and around Jefferson, Napoleon and Louisiana Avenues, and Prytania Street. Intersecting, adjacent and nearby streets and properties are also affected. The Project requires massive construction work in, around and in proximity to the Plaintiffs' businesses and immovable property and improvements (collectively referred to as "the Properties").

10.

SELA is a multi-phase project. The project phases adversely impacting Plaintiffs' businesses and properties include: (1) Jefferson Avenue Canal, Phase II (Dryades St. to Constance St.), including construction of the underground cement box culvert canal along Prytania Street from Nashville Ave. to Jefferson Ave; (2) Napoleon Avenue Canal, Phase II (South Claiborne Ave. to Carondelet St.); (3) Napoleon Avenue Canal, Phase III (Carondelet St. to Constance St.); and (4) Louisiana Avenue Canal (South Claiborne Ave. to Constance St.).

4

Construction of these project phases and construction related activities are ongoing and their effects on the Plaintiffs' businesses and properties will continue indefinitely.

11.

Construction on the SELA Project commenced at different times between 2011 and 2014, depending on the specific canal and phase. To date, the SELA Project phases at issue are at varying stages of construction and the work is ongoing.

12.

The specific SELA project phases damaging Plaintiffs' businesses and properties are:

1. Langenstein's located at 1330 Arabella St., New Orleans, Louisiana, near the intersection of Arabella St. and Prytania St.—Jefferson Avenue Canal, Phase II, particularly construction of the underground cement box culvert canal along Prytania Street from Nashville Ave. to Jefferson Ave.

2. The **Prytania Liquor Store** located at 1300 Arabella St., New Orleans, Louisiana, at the intersection of Arabella St. and Prytania St.—Jefferson Avenue Canal, Phase II, particularly construction of the underground cement box culvert canal along Prytania Street from Nashville Ave. to Jefferson Ave.

3. The **Prytania Mail Service** located at 5500 Prytania St., New Orleans, Louisiana, at the intersection of Prytania St. and Octavia St., and Barbara H. West, owner of the building, property and improvements—Jefferson Avenue Canal, Phase II, particularly construction of the underground cement box culvert canal along Prytania Street from Nashville Ave. to Jefferson Ave.

4. The **Prytania Theatre** located at 5339 Prytania St., New Orleans, Louisiana, near the intersection of Jefferson Ave. and Prytania St.—Jefferson Avenue Canal, Phase II, including construction of the underground cement box culvert canal along Prytania Street from Nashville Ave. to Jefferson Ave;

5. **Pascal's Manale Restaurant** located at 1838 Napoleon Ave.—Napoleon Avenue Canal, Phase II.

6. **Superior Seafood & Oyster Bar** located at 4338 St. Charles Ave., New Orleans, Louisiana, at the intersection of Napoleon Ave. and St. Charles Ave.—Napoleon Avenue Canal, Phase III.

5

7. **Superior Grill** located at 3636 St. Charles Ave.—Louisiana Avenue Canal and Napoleon Avenue Canal, Phase III.

8. **The Fresh Market** located at 3338 St. Charles Ave., New Orleans, Louisiana, at the intersection of St. Charles Ave. and Louisiana Ave.—Louisiana Avenue Canal.

9. **British Antiques** located at 5415 Magazine St., New Orleans, Louisiana, at or near the intersection of Magazine St. and Jefferson Ave., and Bennett Powell, owner of the building, property and improvements—Jefferson Avenue Canal, Phase II.

10. **Magic Box Toys** located at 5508 Magazine Street, New Orleans, Louisiana, near the intersection of Magazine St. and Jefferson Ave.—Jefferson Avenue Canal, Phase II.

13.

The location of each of the Properties and their convenient access are critical to the operation and continued viability of each Plaintiff's unique business.

14.

At all relevant times, the SWB was responsible for and had oversight of all planning, designing, engineering and construction activities undertaken in furtherance of the SELA Project.

15.

The SWB has substantially and unreasonably damaged access to the Properties by engaging in actions including, but not limited to, blocking and substantially limiting physical and visual access to Plaintiffs' businesses, roads, and parking due to the construction work, placement and location of construction sites, construction equipment and supplies, port-a-potties, work trailers and vehicles, employees' personal vehicles, barricades and signage, closing roads, and rerouting traffic in and around the Properties—affecting both private and public transportation, and increasing noise, dust, dirt and vibrations, such that customers have substantially restricted access and vendors and supply trucks cannot enter or are restricted from entering the Properties. Most crucial to each Plaintiff's customer-base is ease of access into the Property. Because of the construction and consequent disruption to access, Plaintiffs have lost, and they are continuing to lose, vital repeat business from regular customers and business from tourists.

6

16.

In furtherance of the SELA Project, the SWB and its agents for whom it is responsible have engaged in and are currently engaging in extensive construction and soil excavation activities around the Properties including, but not limited to, pile driving, the use of heavy construction equipment and machines (such as excavating equipment, earth moving equipment, cranes, bulldozers, 18-wheel transport trucks, dump trucks and cement mixers), water drainage, breaking and removal of concrete, and other disruptive endeavors.

17.

The SELA Project construction and construction related activities have caused and are continuing to cause the following harmful consequences for Plaintiffs: (1) significant, damaging vibrations from pile driving, jack hammering, other drilling and excavation, removal and placement of trench boxes, vibratory compactors, and movement (often at excessive speeds) of oversized construction equipment and trucks such as excavators, cranes, bulldozers, 18-wheel transport trucks, skid steers, dump trucks and cement mixers; (2) widespread soil subsidence and sinking from water drainage, dewatering and excavation; (3) emission of excessive dirt, dust, particles, chemicals and other substances; and (4) constant and/or excessive cacophony. The SWB has failed to implement damage avoidance or mitigation procedures to address these harms to Plaintiffs from the construction of the SELA Project.

18.

The SWB failed to take reasonable steps to prevent or alternatively mitigate against causing damage to Plaintiffs' property and property rights including, but not limited to: failing to exercise reasonable care in designing, planning, managing and supervising the SELA Project; failing to properly investigate the effects that draining the water table and other construction related activities would have on adjacent, adjoining and neighboring businesses in the area and vicinity of the SELA Project; failing to take appropriate safeguards or use alternatives to diminish or eliminate property damage to the adjacent, adjoining and neighboring properties in the area and vicinity of the SELA Project; and failing to implement safeguards to preserve the value of the historic adjacent, adjoining and neighboring properties in the area and vicinity of the SELA Project.

7

19.

Deadlines on the subject SELA phases have been missed and extended, further exacerbating Plaintiffs' damages. The SWB has failed to ensure work on the Project is conducted on schedule or is staffed with sufficient and productive workers and equipment to meet deadlines. The SWB has provided no definitive or reliable information as to when the SELA Project will be finally completed.

20.

The SELA Project and all related construction work activities in and around Plaintiffs' businesses and properties have caused, are causing and will cause the Plaintiffs significant and avoidable damages. The SWB has constructive and actual notice of the damages caused to Plaintiffs as a result of the SELA Project, but the SWB has failed and/or refused to provide any monetary relief to Plaintiffs, or other relief by enacting procedures or policies for the SELA Project to avoid, reduce and/or mitigate the damages caused to Plaintiffs.

21.

The SWB, as the entity sponsoring the SELA Project and responsible for the administration, implementation and funding for the SELA Project, is liable to Plaintiffs for all damages suffered as a result of the SELA Project as set forth herein.

## COUNT I: INVERSE CONDEMNATION

22.

Plaintiffs repeat without restatement all of their allegations contained in paragraphs 1 through 21.

23.

The SWB's actions and omissions in connection with the SELA Project, as alleged herein, have resulted in an unconstitutional taking of Plaintiffs' properties and property interests without providing just compensation to Plaintiffs.

24.

The SELA construction activities around the Properties have severely disrupted each Plaintiff's business activities and are continuing to cause disruption and substantial lost profits.

25.

The period of time that each Plaintiff has suffered and endured damages caused by the SELA Project construction activities is excessive, extending for years. This substantial

interference with the Plaintiffs' business operations is due to the SWB's failure to properly plan, design, and schedule the subject Project phases. Further, the SWB has allowed deadlines and original completion dates on the subject SELA phases to be missed and extended indefinitely. The SWB has failed to establish reliable completion dates and none of the Plaintiffs have been given a reliable prospective end date of the work. The amount of time of each subject phase of the SELA Project is in excess of all reasonable estimates and expectations, and has amounted to a taking or damaging of each Plaintiff's property or property interests in the Constitutional sense.

26.

Additionally, pile driving by Defendant, and its agents for whom it is responsible, has caused structural damage to the Properties, and other damages as will be shown at trial.

27.

The SWB's actions and omissions in connection with the SELA Project, as alleged herein, that damaged Plaintiffs' properties and property rights were integral to and consequences of the SELA Project.

28.

The SWB's actions and omissions in connection with the SELA Project, as alleged herein, were taken for the stated, express purpose of improving drainage and flood control in the Uptown area of New Orleans, Louisiana, which The Louisiana Constitution, Article 1, § 4 (B)(2)(b)(iii) deems a "public purpose" for an inverse condemnation claim.

29.

Defendant has filed no formal expropriation pleadings and has offered no compensation to Plaintiffs for the damages done to their businesses and property.

30.

Defendant failed to tender any compensation for the taking of the Property and Plaintiffs' property interests.

31.

Defendant's conduct has impaired and continues to impair each Plaintiff's right to use its property for its highest and best use.

32.

Defendant has damaged and impaired Plaintiffs' rights in and to their property.

9

33.

Defendant failed to pay just compensation and severance damages for the damage caused to the remainder of the Properties as a result of the taking.

34.

As a result of the taking, each Plaintiff's ability to use their Property has been damaged, and the value of the Property has been diminished. Plaintiffs have a constitutionally protected legal right to use their Property to its highest and best use, and that highest and best use has been taken and/or damaged by the SWB.

35.

SWB's actions constitute a taking of property without just compensation under the Louisiana and U.S. Constitutions.

36.

Plaintiffs have a compensable property interest that has been taken in the Constitutional sense as a result of work done by the SWB for a public purpose. Pursuant to Article I, Section 4 of the Constitution of the State of Louisiana and the Fifth Amendment of the United States Constitution, Plaintiffs are entitled to be compensated to the full extent of their loss as a result of the actions of the SWB referenced herein.

37.

Each Plaintiff's property, its use, its access and its business are unique and atypical to its specific area of the SELA Project and each Plaintiff's damages are special damages peculiar to its business and Property, and which far exceed mere inconvenience.

38.

The specific damages sustained by each Plaintiff as a result of the SELA Project have not been suffered by those in the general neighborhood surrounding that Plaintiff's business. The damages alleged by each Plaintiff are not common to the property owners in the vicinity of each individual business. The impact of the SELA Project on the Plaintiffs' Properties is unique and specific in their area due to the location of each Plaintiff's Property, the business it operates and the building(s) where it is located, and the abusive and excessive methods and construction designs employed by the SWB throughout the subject phases of the SELA Project.

10

39.

Plaintiffs are entitled to just and fair compensation for the full extent of their losses including, without limitation, just compensation for:

A.    Their property interests taken;

B.    Past, present and future business interruption, economic/business losses, lost profits and loss of goodwill;

C.    Past, present and future loss of rents due to the inability to rent or rent at full price Plaintiffs' properties;

D.    Past, present and future physical and/or structural damage to the Plaintiffs' Properties, costs to repair and restore the Properties, and all damages to Plaintiffs' businesses caused by the physical damages to the Properties;

E.    Diminution in value to Plaintiffs' Properties;

F.    Past, present and future damages secondary to construction related damage including, but not limited to, water damage from leaking roofs, walls, windows, pipes and insulation;

G.    Past, present and future damages to the contents of Plaintiffs' Properties secondary to construction related damage including, but not limited to, goods damaged by breakage or power outages due to the construction;

H.    Past, present and future stress, emotional distress, mental anguish and anxiety;

I.    Past, present and future discomfort, nuisance, encroachment on Property, and extraordinary inconvenience including, but not limited to, inconvenience caused by the disruptions in the normal traffic pattern and public transportation system;

J.    Past, present and future interruptions or diminution in the provision and quality of basic services such as access to roads, public transportation, clean water, adequate water pressure, electricity, phone services, internet services and functional sewerage and garbage disposal, all of which are critical to the operations of Plaintiffs' businesses;

K.    General damages for loss of use, inconvenience, and loss of enjoyment;

L.    All costs associated with: (a) relocation, moving costs, and re-establishment of Plaintiffs' businesses, in accordance with Article I, Section 4(B)(5) of the Constitution of the State of Louisiana; (b) searching and other expenses for professional services associated with relocation; (c) costs of preserving, preparing or converting any replacement property for business

11

use and (d) any other costs or expenses necessary to re-establish Plaintiffs' businesses in another location including, but not limited to, marketing, advertising or other expenses; and

M.    Costs to purchase a comparable replacement property, if necessary, and/or costs to reproduce the existing improvements on another comparable property.

40.

Further, Plaintiffs are entitled to all costs of these proceedings, statutory attorney's fees, engineering and appraisal fees, expert witness fees, and any other relief permitted by La. Rev. Stat. 13:5111 or other law or equity.

41.

Additionally, Plaintiffs are entitled to legal interest, including interest upon the compensation that is owed as a result of Defendant's conduct, from the date of the taking until paid, pursuant to applicable statutory and constitutional law.

## COUNT II: STRICT LIABILITY

42.

Plaintiffs repeat without restatement all of their allegations contained in paragraphs 1 through 41.

43.

In addition, SWB is strictly liable for the damages caused by it and its agents under La. Civ. Code arts. 2317 and 2317.1. The SELA Project construction sites, with their contents, components and appurtenances, are in the custody and *garde* of the SWB. These construction sites contain ruins, vices and/or defects. Therefore, the SWB is strictly liable to the Plaintiffs for the damages caused by the SWB in its administration, implementation and construction of the SELA Project.

44.

Further, the SELA Project is connected to SWB's infrastructure, and at the conclusion of the construction, will exist as SWB property on SWB servitudes and easements.

45.

In furtherance of the SELA Project, the SWB is engaged in pile driving, an ultrahazardous activity pursuant to La. Civ. Code art. 667. Therefore, the SWB is strictly liable to the Plaintiffs for all damages caused by this ultrahazardous activity.

46.

Plaintiffs' damages caused by ultrahazardous activity include those damages named in paragraph 39, which are incorporated here as if copied *in extenso*.

## COUNT III: NEGLIGENCE

47.

Plaintiffs repeat without restatement all of their allegations contained in paragraphs 1 through 46.

48.

The SWB is liable to Plaintiffs for damages caused by its negligent actions and omissions in connection with the SELA Project. La. Civ. Code arts. 2315, 2317.1 and 667.

49.

Despite the duty it owed to Plaintiffs, the SWB failed to exercise reasonable care with regard to the SELA Project, and its failure to exercise the requisite degree of care is a direct cause of the Plaintiffs' damages.

50.

The SWB knew, or in the exercise of reasonable care should have known, of the ruin, vices and/or defects of the SELA Project construction and that this construction would cause Plaintiffs damages. The damages suffered by Plaintiffs could have been prevented by the SWB's exercise of reasonable care, but the SWB failed to exercise any such reasonable care.

51.

At all relevant times, the SWB was responsible for the planning, designing, engineering and construction activities undertaken in furtherance of and as a part of the SELA Project. The SWB knew or should have known that the SELA Project would cause damage to Plaintiffs' businesses and Properties, that the damage could have been avoided by reasonable care, and failed to take reasonable care to avoid said damage. Therefore, the SWB is liable for all damages occasioned by and resulting from its negligent actions and/or omissions, in the following non-exclusive ways:

A. Failing to provide or allow reasonable access to Plaintiffs' businesses and properties;

B. Failing to prevent or even minimize excessive noise, dirt, dust and construction obstructions and activity from impacting customers and impeding Plaintiffs' business operations;

13

C. Failing to prevent or mitigate the adverse effects of the SELA construction on Plaintiff's businesses and properties;

D. Allowing completion dates of the subject phases of the SELA Project to be unreasonably extended, causing unreasonable and lengthy delays;

E. Failing to prevent interruptions in the provision of basic services to Plaintiffs' businesses such as electricity, water, sewerage, telephone and internet services, which are critical to the operation of Plaintiffs' businesses;

F. Failing to properly investigate the effects that draining the water table and other construction-related activities would have on adjacent, adjoining, and neighboring properties in the area and vicinity of the SELA Project;

G. Failing to consider appropriate safeguards and/or alternatives to certain construction-related methods and activities that, if used, would have diminished or eliminated property damage to the adjacent, adjoining, and neighboring properties in the area and vicinity of the SELA Project;

H. Failing to implement available safeguards to preserve the value of the adjacent, adjoining, and neighboring historic properties in the area and vicinity of the SELA Project;

I. Failing to use proper and appropriate workmanship and care in the work undertaken in connection with the SELA Project;

J. Failing to consider existing drainage and soil subsidence studies in developing an ·appropriate design and construction plan regarding the Geologic Mapping Units in the area and vicinity of the SELA Project;

K. Failing to plan and design for the use of the best possible equipment and materials in connection with the SELA Project;

L. Failing to take appropriate action under the circumstances to reduce and/or eliminate the vibrations and damage from the construction activities once the SWB had actual knowledge of the damages being caused to the Plaintiffs' properties by the pile driving and other construction activities in the area and vicinity of the SELA Project;

M. Failing to plan for the consequences of draining the water table where there already existed a documented lack of rain and/or drought, thereby creating and/or exacerbating an already low or reduced water table in the Geologic Mapping Units in the area and vicinity of the SELA Project;

N. Failing to take appropriate remedial action once the SWB knew about the damage to businesses, persons and properties resulting from the SELA Project; and

14

O.  Failing to timely, properly, and honestly respond to the Plaintiffs' requests for investigation and assistance once specific requests were made to the SWB.

The Plaintiffs reserve their rights to amend their Petition to add additional claims and bases for damages if and as such information is learned through discovery of this matter.

52.

These acts and/or omissions were within the SWB's knowledge and control, there being no other reasonable conclusion but that the Plaintiffs' damages were caused by the errors, omissions, and actions of the SWB.

53.

The actions and/or inactions of the SWB include willful violations of applicable safety standards, and as a result, constitute negligence *per se*.

54.

Plaintiffs' damages occurred because the SWB did not exercise the high degree of care required by it in conducting the SELA Project construction and pile driving activities.

55.

Pile driving is an ultrahazardous activity, and the Plaintiffs plead application of the doctrine of *res ipsa loquitur*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that their Petition be deemed good and sufficient and that, after due proceedings are had, there be judgment in their favor and against Defendant, the Sewerage and Water Board of New Orleans, declaring that the SWB is liable to the Plaintiffs in an amount sufficient to compensate Plaintiffs to the full extent of their losses and damages, as set forth herein, plus legal interest, statutory attorneys fees as provided by law, all costs of these proceedings, and all such further relief as law or equity may present.

Respectfully submitted,

STRAUSS & KING, APLC

By: _____

SARAH A. LOWMAN, T.A. (#18311)
BERNEY L. STRAUSS (#12527)
RHETT E. KING (#23811)
CLINT A. MEAD (#35244)
406 Magazine Street, Suite 300
New·Orleans, Louisiana  70130
Telephone:  (504) 523-0033
Facsimile:  (504) 523-0109

ATTORNEYS FOR PLAINTIFFS

15

SHERIFF:
PLEASE WITHHOLD SERVICE OF THE
PETITION AND CITATION UNTIL FURTHER
NOTICE.